UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No.  5:14 cr 00300 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **GREGORY A. MAYS,** | ) | |
| | ) | |
| Defendant. | | |

This case is before the Court on Gregory A. Mays' motion for severance of the indictment counts for trial purposes ("Motion to Sever") **(Doc. # 22)**[1]. Upon Reviewing the Motion to Sever, the Government's Opposition Brief **(Doc. # 24)** and Mays' Reply Brief **(Doc. # 25)**, the Court denies the Motion to Sever for the following reasons.

**I.**

On November 13, 2014, the Government filed a Superseding Indictment ("Indictment") charging Mays with one count of engaging in sexually explicit conduct in violation of 18 U.S.C. § 2251 (a) (Count 1) , and one count of using interstate commerce to entice and coerce an individual under eighteen to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b) (Count 2).  (Doc. # 15).

The Government asserts in its Opposition Brief (Doc. #24) that  Count 1 relates to images

---

[1]In the motion, Mays also advises the Court of his intention to proceed to trial and asks the Court to find him indigent and to appoint him new counsel.  The issue of counsel was discussed and addressed at the February 9, 2015, Pretrial Conference.

on Mays' cellular phone that depict him engaging in sexual intercourse in the June-July time frame with a minor female (Female Victim # 1). (Doc. # 24 at p. 2). Specifically, photographs of Female Victim # 1 were found on Mays' black LG cell phone and his blue Samsung phone. The blue Samsung phone also contained a text message conversation in the same time frame between Mays, Female Victim # 1 and a third unidentified person. During that conversation, Mays sent a video file of himself and Female Victim # 1 engaged in sexual intercourse.

The Government also asserts in its Opposition Brief that Count 2 of the indictment stems from a series of conversations Mays had with an undercover law enforcement officer posing as a fourteen year-old girl using the name "Ashley." According to the Government, between April 16, 2014 and May 8, 2014, Mays engaged in multiple conversations with "Ashley" via text message and email in which he acknowledged "Ashley's" age as fourteen and expressed a desire to engage in sexual activity with her.

## II.

Federal Rule of Criminal Procedure Rule 8(a) permits an indictment to "charge a defendant in separate counts with two or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." In the Motion to Sever, Mays argues that joinder is inappropriate because none of the requirements of Rule 8(a) are met. In support, Mays contends that Count 1 does not allege that he used interstate commerce to induce the minor to engage in sexual activity; Count 2 does not allege that he attempted to engage in sexual activity for the purposes of producing a visual depiction of such conduct; and the offense conduct in these counts occurred nearly a year apart.

Mays essentially argues that because the indictment charges him with two separate offenses, "joinder of these offenses is contrary to the provisions of Federal Criminal Rule 8 (a). (Doc. # 22 at p.3)  However, that is the very purpose of Rule 8(a). The relevant inquiry under Rule 8(a) is whether the counts are "logically related, and there is a large area of overlapping proof."  *United States v. Wirsing,* 719 F.2d 859, 863 (6th Cir. 1983) (internal quotation marks and citation omitted).  That inquiry is met here.

The Government intends to show at trial that both incidents were motivated by Mays' quest to engage in sexual acts with minor girls. The Government asserts that during Mays' communication with "Ashley," the undercover officer, Mays sent "Ashley" a photograph of a female who he said was a seventeen year old bi-sexual who was open to engaging in sex and offered to "hook" the seventeen year old up with "Ashley."  The female in the photograph was later identified as Female Victim # 1, the victim in Count 1.  Female Victim # 1 was subsequently interviewed by law enforcement, and provided the name "Ashley" as another potential minor with whom Mays may have engaged in similar sexual conduct.  The Government also asserts that witness testimony will demonstrate that Mays tried to put Female Victim # 1 and "Ashley" in touch.  Furthermore, in the course of the Government's investigation of the facts related to Count 2 it learned of the conduct charged in Count 1 of the Indictment.  After Mays' arrest for the conduct related to Count 2 of the Indictment, Mays provided written consent for law enforcement to search the two phones he possessed at the time of his arrest.  The Government asserts that Mays' 2014 arrest, subsequent statements, and evidence recovered from the phones, led to law enforcement's discovery of Mays' 2013 illicit conduct.

Even when "joinder is appropriate under Rule 8(a), a district court may, in its discretion,

3

grant the defendant a severance if it appears that the [d]efendant is prejudiced by joinder of the offenses." *United States v. Graham,* 275 F.3d 490, 513 (6th Cir. 2001). The inquiry is fact-based, which requires a court to balance "the interest of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial." *Wirsing,* 719 F.3d at 864-65 (internal citations omitted). Mays argues that joinder of the two counts would serve to substantially prejudice him because (1) it would create an unfavorable impression in the minds of the jury as to his character before any evidence has been admitted and (2) he will likely testify as to one of the counts in the Indictment and assert his Fifth Amendment Right as to the other. The Court rejects both arguments.

As to Mays' first argument, as the Government points out, the potential creation of an unfavorable impression does not rise to the level of substantial prejudice. In addition, evidence from each crime would likely be admissible in the trial of the other, given the Government's assertion that Mays' actions are part of a common scheme. *See United States v. Jacobs,* 244 F.3d 503, 507 (6th Cir. 2001) (suggesting such evidence might be admissible under Federal Rules of Evidence Rule 404(b)). Turning to Mays' second argument, Mays suggests that he might be prejudiced if the jury hears his testimony as to one count and not the other, thereby leaving him with the choice of either testifying about both counts or not testifying at all. In *Jacobs,* the Sixth Circuit rejected a similar argument, noting that even if the charges were tried separately, evidence from each crime would have been admissible in the trial of the other because of the common scheme or plan. *Id.* The court further explained that a "specific cautionary instruction" reminding the jury to consider each count separately was curative of any potential prejudice." *Id* (citing *United States v. Gibbs,* 182 F.3d 408, 44-35 (6th Cir. 1999).

Thus, the Court finds that given the significant overlap in the facts presented by the Government, the need for judicial efficiency and the lack of "substantial prejudice" to Mays, joinder of Count 1 and 2 in the indictment is appropriate.

### III.

For the reasons stated above, the Court denies Mays' Motion to Sever.  **(Doc. # 22)**

IT IS SO ORDERED.

*/s/Dan Aaron Polster 3/5/15*
Dan Aaron Polster
United States District Judge
