IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 5:14-cr-00300 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION AND ORDER |
| GREGORY ALLEN MAYS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Gregory Mays's ("Mays") motion to reduce sentence under 18 U.S.C. § 3582(c)(2), U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.10, and U.S.S.G. Amendment 821.  ECF Doc. 75.  The government opposes Mays's motion.  ECF Doc. 76.  For the following reasons, the Court <u>DENIES</u> Mays's motion for sentence reduction.

Background and Procedural History

In July 2015, Mays pleaded guilty, pursuant to a plea agreement (ECF Doc. 43), to both counts of the superseding indictment (ECF Doc. 15).  The superseding indictment charged Mays with sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) (Count 1), and coercion and enticement of a 14-year-old girl to engage in illicit sexual activity with him, in violation of 18 U.S.C. § 2422(b) (Count 2).  ECF Doc. 15.  Mays's plea agreement included an agreed upon total offense level of 35, called for a mandatory minimum sentence of 180 months, and permitted him to appeal the Court's denial of his suppression motions.  ECF Doc. 43, PageID# 246-57.  The plea agreement did not include an agreed upon criminal history category.  *Id.* at PageID# 251 ("The parties have no agreement about the Criminal History Category applicable in this case.").

In February 2016, the Court sentenced Mays to 210 months imprisonment, ten years

1

supervised release, and a $200 special assessment. ECF Docs. 49, 50. At sentencing, the parties and the Court agreed that Mays's total offense level was 35, after receiving a 2-level reduction for acceptance of responsibility. ECF Doc. 70, PageID# 420-21. Mays, however, disagreed with the presentence investigation report's ("PSR") conclusion that he was a criminal history category III. *Id.* at PageID# 421. The PSR found that Mays's criminal history score was five, which consisted of three points for his prior criminal convictions and two status points for committing the instant offenses while under a criminal justice sentence. ECF Doc. 45, PageID# 286. Mays's criminal history score of five correlated to a criminal history category III. *Id.*

Ultimately, the Court concluded that Mays warranted a criminal history category II because a category "III overstates [Mays's] dangerousness" given his "relatively minor offenses over a 10-year period." ECF Doc. 70, PageID# 426. With an offense level of 35 and a criminal history category II, Mays's advisory range was 188 to 235 months. *Id.* at 426-27. The Court sentenced Mays to 210 months imprisonment. *Id.* at PageID# 437.

Mays appealed to the Sixth Circuit Court of Appeals (ECF Doc. 51), and in March 2017, the Sixth Circuit affirmed the Court's decision to deny his suppression motions. ECF Doc. 73; *see United States v. Gregory Mays*, No. 16-3177 (6th Cir. March 23, 2017).

On February 26, 2024, Mays filed the instant motion for sentence reduction. ECF Doc. 75. On March 10, 2024, the government filed its response in opposition. ECF Doc. 76. Mays did not file a reply. Mays is 63 years old.[1] He is presently housed at Federal Correctional Institution Elkton, and his projected release date is December 12, 2029. *Id.*

---

[1] Bureau of Prisons Inmate Locator https://www.bop.gov/inmateloc/ (last accessed 4/22/2024).

Standard

In Part A to Amendment 821 to the U.S.S.G., the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

A defendant who otherwise presents seven criminal history points or more now receives one additional "status" criminal history point, instead of two, while a person who otherwise presents six criminal history points or fewer receives no status points. On August 24, 2023, the Commission decreed that this change applies retroactively. In accordance with *Dillon v. United States*, 560 U.S. 817 (2010), after determining a defendant's eligibility for a sentence reduction under Amendment 821, the Court considers the § 3553(a) sentencing factors before deciding whether to exercise its discretion and grant a sentence reduction. *Dillon*, 560 U.S. at 827.

Analysis

The parties dispute whether Mays is eligible for a reduced sentence under Amendment 821. Mays requests a sentence reduction from 210 months to "188 months, at total offense level 35, Criminal History Category II." ECF Doc. 75, PageID# 480. Mays argues that "[he] meets the eligibility requirements for a reduction even with this Court's downward departure, and he is eligible for a reduction to the low-end of the guideline range at 188 to 235 months." *Id.* Additionally, Mays asks the Court to consider his 83 year-old mother's declining health, her "significant heart issues," and her need for Mays to act as her caregiver. ECF Doc. 75, PageID# 480; ECF Doc. 75-1, PageID# 482-95.

3

The government opposes Mays's requested relief. It does not dispute that under the amendment, Mays would now receive zero status points instead of the two that he received at sentencing, which would correlate to a criminal history category II, not III. ECF Doc. 76, PageID# 500. On this point, Mays and the government agree. Even so, the government argues that "[b]ecause this Court already used a criminal history category of II, Mays is not eligible for a reduction under Amendment 821, and this Court must deny his motion." *Id.* at PageID# 499. Moreover, it contends that "[e]ven if he was technically eligible, this Court should deny the motion because the § 3553(a) factors weigh heavily against a reduced sentence." *Id.*

The government is correct. Mays is ineligible for a reduction in sentence. There is no dispute that the two status points that Mays received for committing the instant offenses while on supervision should now be zero points. But this would simply lower Mays's criminal history category from III to II, which the Court already did at sentencing. Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment . . . is *not* authorized under 18 U.S.C. § 3582(c)(2) if" the amendment "does *not* have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added). In Mays's situation, there would be no change to his calculated guideline range even with the removal of the two status points. In other words, Mays's advisory guideline range of 188 to 210 months would remain the same now as when the Court sentenced him in February 2016. Accordingly, Mays is ineligible for a sentence reduction.

Even if Mays was eligible for a sentence reduction under U.S.S.G. § 1B1.10(a), the Court exercises its discretion and denies Mays's motion due to the nature and circumstances of his offenses and the risk he poses to the community and public safety. The Court finds

that the § 3553(a) factors weigh heavily against Mays's requested relief. As the Court noted at sentencing, the nature and circumstances of the offenses warrant a sentence of 210 months. Mays did not purely view, download, and possess child pornography; he "produced it and transmitted it." ECF Doc. 70, PageID# 428. Mays had sexual intercourse with a 16 year-old minor, recorded a video of it on his cell phone, and sent it to another person. *Id.* Additionally, "he also agreed to meet with a 14-year-old to have sex with her." *Id.* The Court sentenced Mays to 210 months imprisonment because:

> In this case, I find that a sentence within the advisory range is sufficient but not greater than necessary, and I'm going to sentence you to 210 months custody. That's the middle of the range. I have to sentence you to at least 180 months, which is essentially the bottom of the range. I have given you a break with the criminal history category.
>
> So, I find that a sentence within the range, the middle of the range of 210 months is sufficient but not greater than necessary.
>
> I'm going above the mandatory minimum because of the repeated conduct that Ms. Skutnik has recounted and the seriousness of that conduct, engaging in actual sex with a minor and then using and exploiting the images of that minor having sex with you to procure sex with others, and then of course doing everything you could to meet and entice a girl you believed was 14 years old to have sex with you.

*Id.* at PageID# 437. Simply put, given Mays's repeated conduct and the serious nature of his crimes, a reduction in sentence is not in the public's interest.

Additionally, the Court is not persuaded that his mother's declining health warrants a sentence reduction. Even if the Court granted Mays's requested relief (a twenty-two month sentence reduction) Mays would not be eligible for release and available to care for his mother for several more years. It appears from the letters and medical documentation Mays provided in ECF Doc. 75-1 that Mays's mother requires immediate logistical help, transportation assistance, and day-to-day support now—not years in the future. Reducing

5

Mays's sentence would not serve his requested purpose of helping his elderly mother. Therefore, even considering these facts, the Court believes a sentence of 210 months remains necessary. Accordingly, Mays's motion is denied.

## Conclusion

The Court finds that Mays is ineligible for a sentence reduction under Amendment 821 and U.S.S.G. § 1B1.10(a). And even if he were eligible, the § 3553(a) factors weigh against his requested relief. Accordingly, the Court <u>DENIES</u> Mays's motion for sentence reduction.

Date: April 24, 2024

/s/ *Dan Aaron Polster*
Dan Aaron Polster
United States District Judge